### THE PRESIDENT, DIRECTORS AND CO. of the BANK OF WILMINGTON AND BRANDYWINE *vs.* GEORGE HOUSTON.

To charge a party as indorser there must be an indorsement either in person or by procuration.

A collateral agreement to be bound as indorser does not make the party an indorser. The liability is on the agreement, but a count upon it may be joined in an action on the note.

To recover on the money counts the plff. must show that money has been actually received by defendant to his use.

CASE. Pleas non assumpsit; payment; discount and the act of limitations.

The plffs. declared against Houston as the indorser of three several promissory notes dated the 8th of March, 1832, drawn by

Joseph Roberts in favor of Margaret Booth, Peter B. Dulany and Evan H. Thomas respectively, and amounting together to $1400, and indorsed by these persons respectively, to the plff. Similar notes had been drawn by Roberts in favor of the same persons for the same amounts dated 30 June, which bad been indorsed by the payees and also by this deft. These were renewed on the 8th March, by the notes declared on in this action, which were indorsed as afsd. by the payees respectively, but not actually indorsed by Houston, except through the medium of the following agreement, which was offered in evidence with the notes to charge him as an indorser.

"Prom'y notes—

Jos. Roberts to Margaret Booth for $600; dated 30 June, '31, at 60 days.

Same   to Peter B. Dulany for 600;   "

Same   to E. H. Thomas   for 400;   "

To Jos. P. Woollaston, cashier of the Bank of W. & Brandywine:

"Sir, As I live at a distance from the bank, and being an indorser on the above mentioned notes in your bank, I wish to inform the board of directors through you, that in case it should be found convenient or expedient to renew said notes for the whole sum or any part thereof, I would not wish the drawer to be put to the trouble of finding another indorser, but the directors aforesaid may hereby consider me as bound in any or every renewal of said notes for the whole amount or any part thereof whenever the same may fall due as much so as if I were personally present, and my sign manual indorsed on the said notes, it being understood that the several indorsers, to wit: Margaret Booth, Peter B. Dulany and Evan H. Thomas are also to renew their indorsements on the several notes. Dated July 18th 1831.

(Signed)   GEO. HOUSTON.

Witness, J. Wales."

Under this agreement the notes were several times renewed, the last renewal being on the 8th March 1832, when the notes were given, on which the present suit is founded. The declaration was against Houston as an indorser and not on the guarantee.

Plaintiff offered the notes in evidence—Objected to.

*Booth,* for defendant.

This action is founded on three notes drawn by Roberts and indorsed to the bank by Margaret Booth, Peter B. Dulany and Evan H. Thomas. The declaration is in the usual form setting out the indorsement, and also an indorsement by Geo. Houston. The notes offered in evidence do not sustain this declaration; on none of them does the name of George Houston appear. But it is alledged that Houston by a certain agreement made himself liable as an indorser. He may be liable on that agreement to the same extent as if he had indorsed the notes, but he cannot be made liable in the character of an indorser. He cannot be sued on the notes. He is no party to them. Whatever may be his liability on the separate agreement he is clearly not liable as an indorser. To make a man liable on a bill or note he must become a *party* to it: his name must appear on it either by his own signature or that of an authorized agent subscri-

bing for him. *Chitty on bills* 30; *2 Campb.* 308; 15 *East.* 7, 10; *Chitty on Bills* 115, 6; 1 *Campb.* 442.

Houston here is not an indorser, either by himself or any authorized agent. The agreement does not authorize another to indorse for him; and even if it did, the general indorsement declared on would not be supported by evidence of such special indorsement. If the indorsement be by procuration it must be so declared on.    12 *Com. Law Rep.* 223-4.

If there be no indorsement then, the variance between the narr and the evidence offered is obvious. No authorities need be cited on that subject.

*Read, jr.* on the same side.

There can be no doubt on this subject since the decision of this court in *Erwin* & *Lamborn.* *(ante* 125.*)* In that case the court distinguished between the characters of indorser and guarantor, by reasoning applicable also to this case.

Where the right of action is given by statute, as this is, every thing must be conformable to the statute or the action will not lie. This action is founded on the notes. The liability according to this suit is by reason of Houston's indorsement of certain notes which when produced have no such indorsement on them. They then set up a separate agreement by Houston, that he will be considered as an indorser. What is the effect of this? Suppose it broken—an action lies upon *it,* not upon the notes. The plff. might have joined a count on the agreement with the other counts in this narr as they all sound in damages. The most that can be said of this letter is that it is an agreement to indorse, but it is not an indorsement; and any action against this deft. must be founded on the special agreement.

*J. A. Bayard,* for plaintiffs.

It is not denied that this agreement relates to the notes in question, nor that they were discounted on the faith of the agreement. That the design and intention of that agreement was to place Houston precisely in the relation of an indorser to these notes is equally clear. The arrangement was made to accommodate the drawer and the deft. to save him the trouble of an actual indorsement at every renewal of the notes. The question then arises whether a person designing to charge himself as an indorser can do so without an indorsement actually made by himself or by another regularly authorized by him to indorse.

We contend also that this agreement does authorize the bank to indorse these notes for Houston, and that such indorsement can be made at any time, even at the trial. We treat it as an indorsement by procuration, and insist that the cashier of the bank has now the right to put Houston's name on the back of these notes by virtue of his agreement. It does not require a letter of attorney to authorize such an indorsement; any agreement showing that the deft. intended the plff. should place him in the condition of an indorser authorizes him to use the deft's name for that purpose. And the actual indorsement being but a matter of form to comply with the usages of mercantile transactions may, in the execution of the agreement, be made at any time, even at the trial. As in the case of a blank in-

dorsement the party has right to write over it, at any time, any thing consistent with the nature of the agreement."

We do not, therefore, contend that a man can be made a party to a bill without his name appearing on the bill; but that if a party has by his own agreement placed himself in the condition of an indorser he gives authority to the plff. to supply the matter of form by actually indorsing his name. The authority for this purpose is irrevocable after the note is negotiated on the faith of it.

I admit that where the indorsement is laid to have been made by the deft. "his own handwriting being thereunto subscribed" you cannot prove an indorsement by procuration, for the narr is descriptive of the mode of indorsement; but where the plff. charges the deft. generally as an indorser without making it matter of description, he may prove an indorsement by procuration. *Chitty's Pleading* is to that effect. You need not state an indorsement by procuration, but if you do you must prove it. If the indorsement be stated generally it will be supported by proof of an indorsement by an agent, for *qui facit per alium facit per se.* The narr in this case does not confine us to the proof of an indorsement by Houston in person.

Have we then by the agreement the authority we contend for to indorse these notes for Houston? This is an equitable action; relating to parol matter; not under seal and subject to liberal construction in reference to the intention of the parties, the facilities of trade, &c.

*Wales* on the same side, cites *Chitty* 187; *Strange* 648; 3 *Burr.* 1674; 15 *Johns.* 6; *Story Am. Prac.* 59; 11 *Mass. Rep.* 436.

In this case the agreement and notes are all one transaction accompanying each other, and the agreement is a part of the notes. It is therefore in legal effect an indorsement and we have declared on the whole transaction according to its legal effect.

The *Court* stopt the other side.

CLAYTON C. J.—This action is against Houston as an indorser, and the notes offered in evidence do not themselves show any connection or liability of the deft. It appears by other evidence that three notes were drawn by Jos. Roberts in favor of certain persons and indorsed by them, and also by Houston to the bank. Houston afterwards made an agreement with the bank in relation to the renewal of these notes. This is an undertaking to indorse, or an agreement to hold himself responsible as an indorser; in either case he is liable, but liable on the agreement. The action should have been on this agreement specially setting it out; it might have been done in this case by adding a count to that effect. It has been contended that this was an authority given to the bank to indorse these notes for the deft. We admit that this authority may be made out by inference—by the course of trade, as where a wife was accustomed to indorse for her husband—but here is a written agreement and we cannot go beyond it. It gives no such authority. The party agrees to be bound as much as if he had indorsed the notes, but he does not indorse them nor authorize another to indorse for him. He is not then an indorser though liable as much as an indorser; but how liable? Not on the notes, for this would make him an actual indorser, but on the agreement. A distinction is taken in the books be-

tween the acceptance of a bill drawn and one to be drawn; in the former case it may be by collateral writing, but in the latter, not. Here, this agreement is in relation to notes to be drawn in future: and the case is stronger than that of an acceptor, for the indorser is quasi a new drawer. We are therefore of opinion that the evidence offered is inadmissible in this action.

The plffs. then proved the notes of the 30th June 1831, and the indorsement by Houston of those notes. That these notes were running when the agreement aforesaid was made, that the notes in question were discounted on the faith of that agreement and were but renewals of the old notes. That the old notes were cancelled, but they were not paid otherwise than by the new notes. They also gave in evidence the official bond of Jos. Roberts as prothonotary of the late court of Common Pleas; certain proceedings showing that money to which the plff. was entitled was paid into court, and for which Roberts was responsible; and they further proved that Houston was the surety of Roberts in his official bond, and that these notes were discounted to enable him to pay this money to plffs. for which he was then responsible as prothonotary.

The plff. now offered all the notes and the agreement as evidence under the money counts. Objected to.

*Rogers.*—In order to support an action for money had and received, the plff. now resorts to the original notes of June 1831, which have been *paid* off and discharged. When a note is declared on and also money counts added, the only way the money counts can be sustained is by the production of the notes. You may sometimes be unable to prove all the requisites to charge an indorser as such, and may yet recover on the money counts, but it can only be by giving the notes in evidence and connecting them with a consideration. The notes of March 1832, have no bearing upon Houston: he is not a party to them; they are not evidence in this cause, and the original notes have been paid. They bear the bank's stamp of discharge.

*Bayard.*—In the money counts we are not bound by the special contract. If we can show value received, money advanced, or consideration existing between the parties we can recover. We here show a consideration. The liability of Houston as surety for Roberts in his official bond. Money paid into court and ordered to be paid to plffs. The notes discounted on account of this liability. The money was advanced then for the benefit of Houston the surety as well as for Roberts, and by his consent and agreement.

"*The Court* thought the evidence not sufficient for the plffs. to recover under the money counts. Houston was the surety, together with Price, of Roberts in his official bond. Any liability which he had incurred on that bond was divided by Price. His condition was in no wise bettered, but rendered worse by the discounting of these notes. No consideration of advantage therefore passed to him. To hold him liable on the money counts would be to dispense with the provision that was made in his agreement that Margaret Booth, P. B. Dulany and E. H. Thomas, should also indorse, which be made a condition precedent. He is liable on his agreement and not otherwise."

It is now settled that the plff. can in no case recover under the count for money had and received unless money has *actually been received*, and for the use of the plff. 1 *East* 434; 1 *Camp.* 175; *Chitty* 366.

If the drawer has been discharged from liability upon the bill by the laches of the holder, the latter cannot recover on a count for money had and received. *Chitty* 364.

The plaintiffs suffered a nonsuit.

*Bayard* and *Wales*, for plaintiff.

*Booth, Read, jun.* and *Rogers*, for defendant.